STEPHAN A. BARBER (SBN 70070)
SBARBER@RMKB.COM
ROPERS, MAJESKI, KOHN & BENTLEY
80 North First Street
San Jose, CA 95113
Telephone:  (408) 287-6262
Facsimile:  (408) 918-4501

Attorneys for Plaintiff
TRIANGLE DIGITAL INX CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRIANGLE DIGITAL INX CO., a Delaware corporation, on behalf of itself and as the successor-in-interest to TRIANGLE DIGITAL, LLC, California Residents,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRACORP, INC., a Colorado corporation,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF (DIVERSITY OF CITIZENSHIP)**<br><br>**DEMAND FOR JURY TRIAL** |

Comes now TRIANGLE DIGITAL INX CO. and alleges as follows:

**PARTIES, JURISDICTIONS, AND VENUE**

1. At all times herein mentioned, TRIANGLE DIGITAL INX CO. is a Delaware corporation and doing business in the State of California. TRIANGLE DIGITAL INX CO. maintains its headquarters in Alameda County, California.

2. TRIANGLE DIGITAL INX CO. is the successor-in-interest to TRIANGLE DIGITAL, LLC for purposes of the allegations and claims of this lawsuit. TRIANGLE DIGITAL, LLC was and is a limited liability company formed under the laws of the State of

1  California. This action is brought on behalf of TRIANGLE DIGITAL INX CO. and as the
2  successor-in-interest to TRIANGLE DIGITAL, LLC.

3     3.    Defendant SPECTRACORP, INC. is a Colorado corporation and doing business in
4  the State of California. SPECTRACORP's headquarters are located in Denver, Colorado.

5     4.    Jurisdiction is proper pursuant to 28 U.S.C. §1332 (Diversity of Citizenship).

6     5.    Venue is proper pursuant to 28 U.S.C. §1391 because many of the acts complained
7  of occurred in the Oakland Division of the Northern District of California and the defective
8  products that are the subject of this action were shipped by Defendant SPECTRACORP from
9  Colorado to San Leandro, California.

## GENERAL ALLEGATIONS

11     6.    From approximately October, 2004 through December, 2005, TRIANGLE
12  DIGITAL, LLC and then its successor-in-interest, TRIANGLE DIGITAL INX CO., entered into
13  a series of written purchase orders to purchase thousands of commercial solvent-based cartridges
14  ("Cartridges") from Defendant SPECTRACORP. The Cartridges were custom designed and
15  specified by Defendant SPECTRACORP to contain one or more solvent-based printing inks
16  manufactured by Plaintiff. Pursuant to the parties' contractual arrangement, Plaintiff shipped its
17  ink in bulk from California to SPECTRACORP's facility in Denver, Colorado. Defendant
18  SPECTRACORP fabricated and assembled the Cartridges, filled them with Plaintiff's ink, and
19  then shipped the finished Cartridges back to Plaintiff in San Leandro, California for sale to
20  Plaintiff's customers.

21     7.    The finished Cartridges were sold by Plaintiff to customers throughout the world,
22  primarily Europe and Asia. Defendant SPECTRACORP knew and was well aware at all times
23  that the Cartridges it filled and supplied to Plaintiff would be sold to Plaintiff's customers and
24  that said customers would use the Cartridges in various forms of printing equipment.

25     8.    Defendant SPECTRACORP specified the materials to be used in the Cartridges,
26  specified the design, fabricated and assembled the Cartridges, filled the Cartridges with ink,
27  packed the Cartridges in containers, and shipped the containers to Plaintiff in San Leandro,
28  California. Plaintiff's only contribution was to supply the ink to be placed into the Cartridges by

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  Defendant SPECTRACORP and to pay for the Cartridges.

2  9.  In early 2006, Plaintiff began experiencing an inordinate and unusual amount of returns of the Cartridges from its customers. In approximately April, 2006, Plaintiff discovered that there were at least two defects in thousands of the Cartridges supplied and sold by Defendant SPECTRACORP. The defects included: (1) shrinking septums which caused ink leakage and, in many cases, severe property damage to Plaintiff's customers printers; and (2) improper adhesion of the ink bag within the Cartridge and the plastic wall of the Cartridge, leading to delamination of the bag and the Cartridge not functioning properly and, in many cases, damaging Plaintiff's customers' printers.

10. Plaintiff promptly placed Defendant SPECTRACORP on notice of the defects in the Cartridges. Defendant SPECTRACORP took back thousands of the Cartridges and, in some cases, issued credit memoranda against Plaintiff's purchases. In this regard, Plaintiff paid tens of thousands of dollars to Defendant SPECTRACORP for the defective Cartridges.

11. As a direct and proximate result of the defects in the Cartridges, Plaintiff was required to withdraw all of the Cartridges from the market and to compensate its customers for defective Cartridges, damaged printers, and other property damage.

12. As a direct and proximate result of Defendant SPECTRACORP's breaches of duty, Plaintiff has sustained very substantial out-of-pocket damages and lost profits that it would have otherwise earned in the marketplace had Defendant SPECTRACORP supplied Plaintiff with properly designed and manufactured Cartridges. Plaintiff's damages are in excess of $75,000.

**FIRST CLAIM FOR RELIEF — BREACH OF CONTRACT**

13. Plaintiff incorporates by reference the allegations of Paragraphs 6 through 12 alleged above.

14. Defendant SPECTRACORP promised and covenanted verbally and in written invoices that it would design, manufacture, and ship to Plaintiff Cartridges that were suitable to hold Plaintiff's ink and which would properly function in Plaintiff's customers' printers. Defendant SPECTRACORP breached the parties' contract as described herein.

15. Plaintiff has performed all duties and obligations required of the contract, except

RC1/5009148.1/BL1 — - 3 - — COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

those which have been prevented or excused as a result of Defendant SPECTRACORP's actions and breaches of duty.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### SECOND CLAIM FOR RELIEF — NEGLIGENCE

16. Plaintiff incorporates by reference the allegations of Paragraphs 6 through 12 alleged above.

17. Defendant SPECTRACORP negligently and carelessly designed, specified, manufactured, fabricated, assembled, filled, and/or shipped the Cartridges. As a direct and proximate result of Defendant SPECTRACORP's negligence and carelessness, Plaintiff has been damaged as described herein.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CLAIM FOR RELIEF — STRICT LIABILITY

18. Plaintiff incorporates by reference the allegations of Paragraphs 6 through 12 alleged above.

19. As described herein, Defendant SPECTRACORP designed, specified, manufactured, filled, and shipped defective Cartridges to Plaintiff. Such defects existed at the time the Cartridges left Defendant SPECTRACORP's possession. As a direct and proximate result of such defects, the Cartridges did not perform as intended or as safely as an ordinary consumer would expect at the time of use.

20. As a direct and proximate result of the defects in Defendant SPECTRACORP's Cartridges, Plaintiff has been damaged as described herein.

### FOURTH CLAIM FOR RELIEF — BREACH OF IMPLIED WARRANTY

21. Plaintiff incorporates by reference the allegations of Paragraphs 6 through 12 alleged above.

22. At or near the time of contracting, Defendant SPECTRACORP knew or should have known that there was a particular purpose for the Cartridges and that Plaintiff was relying on Defendant SPECTRACORP's skill or judgment to select or furnish suitable Cartridges.

23. Defendant SPECTRACORP extended the implied warranties of merchantability

and fitness for a particular purpose or use with respect to the Cartridges. Defendant SPECTRACORP breached one or both of these implied warranties by supplying and shipping defective and non-conforming Cartridges.

24. Plaintiff timely notified Defendant SPECTRACORP of its breach of warranty after discovery. Plaintiff also notified Defendant SPECTRACORP that it was revoking its acceptance of the Cartridges.

25. As a direct and proximate result of Defendant SPECTRACORP's breach of implied warranties, Plaintiff has been damaged as described herein.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## FIFTH CLAIM FOR RELIEF — DECLARATORY RELIEF

26. Plaintiff incorporates all paragraphs of its Complaint herein by reference.

27. Defendant SPECTRACORP has sent notices to Plaintiff demanding payment of unpaid invoices of $75,222.50 respecting the Cartridges purchased by Plaintiff. Plaintiff has declined to pay these invoices because of the defects in the Cartridges and because of the damage suffered by Plaintiff as a result of such defects.

28. Plaintiff contends that it has no obligation to pay all or any part of the amount demanded by Defendant SPECTRACORP because of the defects in the Cartridges as described herein. Plaintiff seeks a declaration of the Court that it has no obligation to pay Defendant SPECTRACORP for the Cartridges and that it should be refunded the money it has already paid because its performance has been excused as a result of Defendant SPECTRACORP's breach of contract, negligence, defective product and/or breach of implied warranty.

29. On the other hand, Plaintiff is informed and believes that Defendant SPECTRACORP disputes Plaintiff's contention and instead contends that it is entitled to be paid on its invoices.

30. An actual controversy within the jurisdiction of this Court exists and Plaintiff requests a declaration of its rights and other legal relations with Defendant SPECTRACORP pursuant to 28 U.S.C. §2201.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

(1) For an award of compensatory damages in an amount according to proof and in excess of $75,000;

(2) For an award of incidental and/or consequential damages according to proof and in excess of $75,000;

(3) For a declaration and adjudication that Plaintiff has no obligation to pay Defendant's invoices in the amount of $75,222.50 or any other amount;

(4) For a declaration and adjudication that Defendant must refund Plaintiff's payments to Defendant in an amount according to proof;

(5) For costs of suit incurred herein; and

(6) For such other and further relief as the Court deems just and proper.

Dated: September 14, 2007                ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Stephan A. Barber
STEPHAN A. BARBER
Attorneys for Plaintiff
TRIANGLE DIGITAL INX CO.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial of this action.

Dated: September 14, 2007                ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Stephan A. Barber
STEPHAN A. BARBER
Attorneys for Plaintiff
TRIANGLE DIGITAL INX CO.