1  JOHN M. DRATH (SBN 045031)
   SARAH F. BURKE (SBN 162813)
2  DRATH, CLIFFORD, MURPHY & HAGEN, LLP
   1999 Harrison Street, Suite 700
3  Oakland, California 94612-3517
   Telephone: (510) 287-4000
4  Facsimile: (510) 287-4050
   Email: jdrath@drathlaw.com
5  Email: sburke@drathlaw.com

6  Carlos A. Alvarez (State Bar No. 143839)
   Jessica Grannis (State Bar No. 240770)
7  STEYER LOWENTHAL BOODROOKAS
     ALVAREZ & SMITH LLP
8  One California Street, Third Floor
   San Francisco, California 94111
9  Telephone: (415) 421-3400
   Facsimile: (415) 421-2234
10 Email: calvarez@steyerlaw.com
   Email: jgrannis@steyerlaw.com
11
   Robert C. Podoll (Colorado Bar No. 8776)
12 Robert Kitzmiller (Colorado Bar No.16927)
   PODOLL & PODOLL, P.C.
13 5619 DTC Parkway, Suite 1100
   Greenwood Village, CO 80111-306
14 Telephone: (303) 861-4000
    Fax: (303) 861-4004
15 Email: rob@podoll.net
   Email: bob@podoll.net
16
   Attorneys for Defendant Spectracorp Inc.
17

18             IN THE UNITED STATES DISTRICT COURT FOR THE

19            NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

20

21 TRIANGLE DIGITAL INX CO., a            )    CASE NO. C-07-04773 SI
   Delaware corporation on behalf of itself and )
22 as the successor-in-interest to TRIANGLE )
   DIGITAL, LLC, California Residents,    )    SPECTRACORP, INC.'S ANSWER TO
23                                        )    COMPLAINT
                Plaintiff,                )
24                                        )
         vs.                              )    DEMAND FOR JURY TRIAL
25                                        )
   SPECTRACORP, INC., a Colorado          )
26 corporation,                           )
                                          )
27              Defendants.               )
                                          )
28 _____)

1     COMES NOW defendant SPECTRACORP, INC. and responds to the complaint of plaintiff as follows:

### PARTIES, JURISDICTIONS, AND VENUE

1. Answering Paragraph 1, this defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2. Answering Paragraph 2, this defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

3. Answering Paragraph 3, this defendant admits the allegations contained therein as they apply to these defendants.

4. The allegations contained within paragraph 4 of the Complaint pertaining to the requirements of state and federal law are legal conclusions to which no response is required.

5. Answering Paragraph 5, defendant admits that pursuant to the instructions of Triangle Digital, LLC, ("Triangle") defendant shipped cartridges filled with the ink of Triangle to Triangle at San Leandro, California. Defendant denies the remainder of the allegations in Paragraph 5.

### GENERAL ALLEGATIONS

6. Answering Paragraph 6, defendant admits accepting purchase orders from Triangle in and after 2002 for filling Triangle's ink into Triangle - approved receptacles. Defendant admits receiving purchase orders from Triangle in 2004 and 2005 for filling various Triangle ink products into various cartridges. Defendant admits filling Triangle's ink products into various cartridges which had been previously approved by Triangle, and shipping the filled cartridges to Triangle. Defendant denies the remainder of the allegations in Paragraph 6.

7. Answering Paragraph 7, this defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8. Answering Paragraph 8, this defendant admits that it filled cartridges with ink

- 1 -

1  manufactured by Triangle, and shipped the filled cartridges to Triangle at Triangle's instruction.
2  Defendant affirmatively states that it submitted proposed cartridges to Triangle for approval in
3  2005 prior to filling the cartridges which are the subject of this action. Defendant denies all of
4  the remaining allegations contained therein.

5      9.    Answering Paragraph 9, this defendant is without sufficient knowledge or
6  information to form a belief as to the truth of the allegations contained in said paragraph, and on
7  that basis denies each and every allegation contained therein.

8      10.    Answering Paragraph 10, this defendant denies each and every allegation
9  contained therein as they apply to this defendant.

10      11.    Answering Paragraph 11, this defendant denies each and every allegation
11  contained therein as they apply to this defendant.

12      12.    Answering Paragraph 12, this defendant denies each and every allegation
13  contained therein as they apply to this defendant.

**FIRST CLAIM FOR RELIEF - BREACH OF CONTRACT**

15      13.    Paragraph 13 requires no response.

16      14.    Answering Paragraph 14, this defendant denies each and every allegation
17  contained therein as they apply to this defendant.

18      15.    Answering Paragraph 15, this defendant denies each and every allegation
19  contained therein.

**SECOND CLAIM FOR RELIEF - NEGLIGENCE**

21      16.    Paragraph 16 requires no response.

22      17.    Answering Paragraph 17, this defendant denies each and every allegation
23  contained therein.

**THIRD CLAIM FOR RELIEF - STRICT LIABILITY**

25      18.    Paragraph 18 requires no response.

26      19.    Answering Paragraph 19, this defendant denies each and every allegation
27  contained therein.

28      20.    Answering Paragraph 20, this defendant denies each and every allegation

contained therein.

**FOURTH CLAIM FOR RELIEF - BREACH OF IMPLIED WARRANTY**

21,    Paragraph 21 requires no response.

22.    Answering Paragraph 22, this defendant denies each and every allegation contained therein.

23,    Answering Paragraph 23, this defendant denies each and every allegation contained therein.

24.    Answering Paragraph 24, this defendant denies each and every allegation contained therein.

25.    Answering Paragraph 25, this defendant denies each and every allegation contained therein.

**FIFTH CLAIM FOR RELIEF - DECLARATORY RELIEF**

26.    Paragraph 26 requires no response.

27.    Answering Paragraph 27, this defendant admits that it has sent notices to Plaintiff demanding payment. As to the basis for Plaintiff's refusal to pay the invoices, this defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding this issue contained in said paragraph, and on that basis denies each and every allegation contained therein.

28.    Answering Paragraph 28, this defendant states that plaintiff's contentions are immaterial, and are not capable of admission. Defendant denies that Plaintiff is entitled to declaratory relief since Triangle contracted to pay defendant for filling cartridges which it had previously approved. Defendant filled the cartridges, and Triangle failed to pay its contractual obligations.

29.    Answering Paragraph 29, defendant admits the allegations contained therein.

30.    Answering Paragraph 30, defendant denies that plaintiff has any grounds for declaratory relief. Defendant affirmatively states that this is a breach of contract action in which Triangle claims that defendants failed to procure acceptable cartridges, and defendant claims

- 3 -

that Triangle approved the cartridges and accepted the risk that the cartridges might not interact properly with Triangle's ink.

### FIRST AFFIRMATIVE DEFENSE

31. Plaintiffs' FIRST CLAIM FOR RELIEF fails to state a claim against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

32. Plaintiffs' SECOND CLAIM FOR RELIEF fails to state a claim against this answering defendant.

### THIRD AFFIRMATIVE DEFENSE

33. Plaintiffs' THIRD CLAIM FOR RELIEF fails to state a claim against this answering defendant.

### FOURTH AFFIRMATIVE DEFENSE

34. Plaintiffs' FOURTH CLAIM FOR RELIEF fails to state a claim against this answering defendant.

### FIFTH AFFIRMATIVE DEFENSE

35. Plaintiffs' FIFTH CLAIM FOR RELIEF fails to state a claim against this answering defendant.

### SIXTH AFFIRMATIVE DEFENSE

36. Defendant alleges that the complaint, and each and every cause of action thereof, is barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§337, 337.1, 337.15, 338, 339, 340, 340.2, 340.5, 340.6, 341(2), and 343.

### SEVENTH AFFIRMATIVE DEFENSE

37. Defendant alleges that the complaint, and each and every claim for relief therein, is barred by the equitable doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

38. Plaintiff's predecessor was fully aware of the risks involved in the transactions and/or occurrences placed in issue by the complaint and, thus, their losses and/or damages, if

- 4 -

any there were, are the result of their assumption of the risk.

## NINTH AFFIRMATIVE DEFENSE

39. Defendant alleges that in the event plaintiffs have suffered any damages as a result of anything related to the allegations of their complaint, such damages are the proximate result of the actions or conduct of persons or entities other than this answering defendant.

## TENTH AFFIRMATIVE DEFENSE

40. Defendant alleges that in the event plaintiffs have suffered any damages as a result of anything related to the allegations of their complaint, such damages are the proximate result of the plaintiffs' own negligence, and their recovery, if any there is, should be reduced proportionately to their comparative fault.

## ELEVENTH AFFIRMATIVE DEFENSE

41. Defendant alleges that plaintiffs have failed to take reasonable steps to mitigate the damages allegedly suffered by them, and any award against these answering defendants must be reduced by the amount that could have been so mitigated.

## TWELFTH AFFIRMATIVE DEFENSE

42. Defendant alleges that plaintiff has waived or should be estopped from asserting some of or all of the claims set forth in the complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

43. Defendant alleges that the causes of action alleged herein are barred in that any alleged act or omission of defendant herein was superseded by the acts or omissions of others, including plaintiff and/or its agents which were the sole cause of any injury, damage or loss to plaintiff herein.

## FOURTEENTH AFFIRMATIVE DEFENSE

44. Defendants alleges that the prior business relationship between the parties established a course of conduct wherein it was incumbent upon plaintiff to properly test products produced by defendant before these products were released to the market.

## FIFTEENTH AFFIRMATIVE DEFENSE

45. Defendant alleges that if any damages are awarded to plaintiff, such damages

- 5 -

1  must be offset by the amounts plaintiff owes to defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

46. Defendants alleges that the allegations of the complaint allege obligations nonexistent, not contracted for and/or outside the agreement of the parties. Said actions work as a complete bar to any recovery herein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

47. Defendant alleges that if any contract, obligations or agreements as alleged in the complaint have been entered into, any duty or performance of defendant is excused by reason of failure of consideration, waiver, breach of condition precedent, breach by plaintiff, impossibility of performance, prevention by plaintiff, frustration of purpose, and/or acceptance by plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

48. Defendant alleges that plaintiff, or other persons and entities, made changes, alterations, and/or modifications of the work performed by defendant which conduct discharges defendant from any liability.

## NINETEENTH AFFIRMATIVE DEFENSE

49. Defendant alleges that if, in fact, there was a contract in existence between the parties, defendant performed each and every condition of the contract agreement between the parties. Said actions work as a complete bar to any recovery herein.

## TWENTIETH AFFIRMATIVE DEFENSE

50. Any claims relating to the subject matter of Triangle's Purchase Order 27302 have been released in whole or in part by payment.

## TWENTY FIRST AFFIRMATIVE DEFENSE

51. Any claims relating to the subject matter of Triangle's Purchase Order 27302 are barred by Triangle's failure to reject or timely revoke acceptance.

## TWENTY SECOND AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred by the economic loss rule.

## TWENTY THIRD AFFIRMATIVE DEFENSE

53. Any claims relating to the subject matter of Triangle's Purchase Order 27302 are

1 | barred because the sale was based upon a sample, and the products conformed to the sample.

2 |     WHEREFORE, defendant prays that plaintiffs take nothing on their complaint herein,

3 | and that defendant be awarded its costs and any other, further relief that the court might deem

4 | appropriate.

6 | DATED:  October 18, 2007        DRATH, CLIFFORD, MURPHY & HAGEN, LLP

By: [signature]

JOHN M. DRATH (SBN 045031)
SARAH F. BURKE (SBN 162813)
1999 Harrison Street, Suite 700
Oakland, California  94612-3517
Telephone:  (510) 287-4000
Facsimile:  (510) 287-4050

Carlos A. Alvarez (SBN: 143839)
Jessica Grannis (SBN: 240770)
STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP
One California Street, Suite 300
San Francisco, CA 94111
Telephone: (415) 421-3400
Fax: (415) 421-2234

Robert C. Podoll (Colorado Bar No. 8776)
Robert Kitzmiller (Colorado Bar No.16927)
PODOLL & PODOLL, P.C.
5619 DTC Parkway, Suite 1100
Greenwood Village, CO 80111-306
Telephone: (303) 861-4000
Fax:  (303) 861-4004

Attorneys for Defendant SPECTRACORP, INC.

-7-

1
2
3
4                                  **JURY DEMAND**

5           Defendant SPECTRACORP, INC. hereby demands a jury trial.

6
7   DATED: October 18, 2007            DRATH, CLIFFORD, MURPHY & HAGEN, LLP

8
9                                      By:_____

10                                          JOHN M. DRATH (SBN 045031)
                                            SARAH F. BURKE (SBN 162813)
11                                          1999 Harrison Street, Suite 700
                                            Oakland, California 94612-3517
12                                          Telephone: (510) 287-4000
                                            Facsimile: (510) 287-4050
13
                                            Carlos A. Alvarez (SBN: 143839)
14                                          Jessica Grannis (SBN: 240770)
                                            STEYER LOWENTHAL BOODROOKAS
15                                          ALVAREZ & SMITH LLP
                                            One California Street, Suite 300
16                                          San Francisco, CA 94111
                                            Telephone: (415) 421-3400
17                                          Fax: (415) 421-2234

18                                          Robert C. Podoll (Colorado Bar No. 8776)
                                            Robert Kitzmiller (Colorado Bar No.16927)
19                                          PODOLL & PODOLL, P.C.
                                            5619 DTC Parkway, Suite 1100
20                                          Greenwood Village, CO 80111-306
                                            Telephone: (303) 861-4000
21                                          Fax: (303) 861-4004

22
                                            Attorneys for Defendant SPECTRACORP, INC.
23
24
25
26
27
28
                                           - 8 -