RAMON Z. BACERDO (SBN 139221)
SARAH F. BURKE (SBN 162813)
DRATH, CLIFFORD, MURPHY & HAGEN, LLP
1999 Harrison Street, Suite 700
Oakland, California 94612-3517
Telephone: (510) 287-4000
Facsimile: (510) 287-4050
Email: sburke@drathlaw.com

Carlos A. Alvarez (State Bar No. 143839)
Jessica Grannis (State Bar No. 240770)
STEYER LOWENTHAL BOODROOKAS
  ALVAREZ & SMITH LLP
One California Street, Third Floor
San Francisco, California 94111
Telephone: (415) 421-3400
Facsimile: (415) 421-2234
Email: calvarez@steyerlaw.com
Email: jgrannis@steyerlaw.com

Robert C. Podoll (Colorado Bar No. 8776)
Robert A. Kitsmiller (Colorado Bar No. 16927)
PODOLL & PODOLL, P.C.
5619 DTC Parkway, Suite 1100
Greenwood Village, CO 80111-306
Telephone: (303) 861-4000
Fax: (303) 861-4004
Email: rob@podoll.net
Email: bob@podoll.net

Attorneys for Defendant Spectracorp Inc.

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| TRIANGLE DIGITAL INX CO., a Delaware corporation on behalf of itself and as the successor-in-interest to TRIANGLE DIGITAL, LLC, California Residents,<br><br>Plaintiff,<br><br>vs.<br><br>SPECTRACORP, INC., a Colorado corporation,<br><br>Defendants.<br>_____<br><br>SPECTRACORP, INC., a Colorado corporation, | CASE NO. C-07-04773 SI<br><br>SPECTRACORP, INC.'S COUNTER-CLAIM<br><br>DEMAND FOR JURY TRIAL |

SPECTRACORP, INC.'S COUNTER-CLAIM; DEMAND FOR JURY TRIAL
CASE NO. C-07-04773 SI

|    |                                                                                                                                                       |
|----|-------------------------------------------------------------------------------------------------------------------------------------------------------|
| 1  | Counter-claimant,                                                                                                                                      )
| 2  |                                                                                                                                                        )
|    | vs.                                                                                                                                                    )
| 3  |                                                                                                                                                        )
|    | TRIANGLE DIGITAL, LLC; and                                                                                                                              )
| 4  | TRIANGLE DIGITAL INX CO., a                                                                                                                             )
|    | Delaware corporation on behalf of itself and                                                                                                            )
| 5  | as the successor-in-interest to TRIANGLE                                                                                                                )
|    | DIGITAL, LLC,                                                                                                                                           )
| 6  |                                                                                                                                                        )
|    | Counter-defendants.                                                                                                                                     )

COMES NOW, Defendant and Counter-claimant Spectracorp, Inc. ("Spectracorp") alleges and counter-claims against plaintiffs Triangle Digital, LLC; and Triangle Digital INX, Co., its successor-in-interest (collectively "Triangle"), as follows:

## JURISDICTION

1. Spectracorp is a corporation organized under the laws of the State of Colorado, with its principal place of business in Denver, Colorado.

2. Spectracorp is informed and believes that plaintiff Triangle Digital INX Co. is a corporation organized under the laws of the State of Delaware, with headquarters in Alameda County, California. Spectracorp is further informed and believes that Triangle Digital INX Co is the successor-in-interest to Triangle Digital LLC, a limited liability company formed under the laws of the State of California.

3. This counter-claim is within the Court's original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars, and the Court's "supplemental jurisdiction" under 28 U.S.C. § 1367(a).

## GENERAL ALLEGATIONS

4. Spectracorp entered into a contract with Triangle in or about 2002 to fill cartridges with ink supplied by Triangle.

5. By agreement, and by custom, and by the practice of the parties, Spectracorp, upon receiving Triangle's ink would examine the density of the ink, and based upon its

- 2 -

observations, propose a cartridge to be used for filling.

6. By agreement, custom and the practice of the parties, Spectracorp would then fill sample cartridges with Triangle's ink, and ship them back to Triangle for testing and approval.

7. Triangle had to approve the materials in the cartridges for use with its ink, because Spectracorp was not given the ingredients or components of Triangle's ink formulation.

8. The composition of Triangle's ink was proprietary and could not be disclosed to Spectracorp.

9. Spectracorp could not specify cartridge components which would withstand any destructive properties of Triangle's ink.

10. Therefore, sample cartridges were filled and sent to Triangle for approval before any orders were filled and shipped by Spectracorp.

11. In 2005, Triangle shipped samples of a new ink product to Spectracorp for filling in cartridges pursuant to their established practices of selection and approval.

12. Spectracorp advised Triangle that the cartridge selected for testing was an industry standard cartridge, with industry standard materials, which may not be compatible with Triangle's ink product.

13. Spectracorp suggested that the ink be fully age tested with different materials to select and utilize material for the septum in the cartridges which would not react adversely with Triangle's ink.

14. In response, Triangle authorized Spectracorp to commence design work to find materials for a cartridge septum which would not react adversely with Triangle's ink.

15. Triangle rejected the suggestion that filling and shipment await the design of a proper septum.

16. Triangle approved the industry standard cartridges for use in the initial batches of the ink cartridges, until a specially-designed septum for Triangle's ink could be tested, fabricated and obtained by Spectracorp.

17. Triangle was in such great hurry to get its new ink formulation to market that it accepted the risk that the materials, specifically the septum, in the industry standard cartridge

- 3 -

would not react well with Triangle's new ink formulation, thereby causing damages to the cartridges, and potentially to any printing machines in which the cartridges were used.

18. In rushing its new ink formulation to market, Triangle also accepted the risk of harm to its reputation from a mass failure of the industry standard cartridges which it chose not to test properly before placing its purchase order with Spectracorp.

### FIRST CLAIM FOR RELIEF
#### (Breach of Contract)

19. Defendant Spectracorp incorporates Paragraphs 1 through 18 of its counter-claim, as if fully and completely set forth herein.

20. Triangle in October, 2005, approved the sample cartridges sent by Spectracorp.

21. Triangle issued Purchase Order 27302 dated October 25, 2005.

22. Purchase Order 27302 ordered 18,200 of the Triangle-approved JV3 cartridges at a cost of $6.25 per cartridge, for a total order of $113,750.00.

23. Based upon the Triangle purchase order, Spectracorp properly performed its contractual obligations filling and shipping 12,921 cartridges between November and December, 2005.

24. Specifically, Spectracorp filled, packaged and shipped the following numbers of cartridges on the following dates, represented by the following invoice numbers:

November 30, 2005    7,000    Invoice 501425    $43,750.00
December 19, 2005    5,921    Invoice 501513    $37,006.25

25. In December, 2005, Triangle also ordered cartridges filled with its JVS solvent ink product.

26. Spectracorp also recommended that Triangle not use the standard cartridges with the JVS ink product because of possible septum failure.

27. Triangle approved the standard cartridges for the use of the JVS cartridges and verbally ordered cartridges for immediate filling.

28. Spectracorp filled, packaged and shipped the following numbers of cartridges on

- 4 -

1  the following date, represented by the following invoice number:

2          December 21, 2005    3,450   Invoice 501529         $22,425.00

3      29.  In or about February, 2006, and with knowledge of the reported and claimed failures of the components of the industry standard cartridges, Triangle made a partial payment to Spectracorp upon invoice 501529 in the amount of $6,700.00, which payment was made without reservation.

    30.  The cartridges supplied and filled by Spectracorp were the same cartridges which Triangle approved and ordered in Purchase Order 27302. The cartridges were uniform in design and quality, and conformed to the samples approved by Spectracorp.

    31.  The cartridges were filled with the ink supplied by Triangle, all pursuant to its Purchase Order 27302.

    32.  The cartridges after filling were properly sealed, properly packaged, and timely shipped to Triangle, all pursuant to its Purchase Order 27302.

    33.  The invoices above referenced properly invoiced Triangle according to the filling services ordered by Triangle, the cartridges approved by Triangle and were proper in amount, extension and tabulation.

    34.  Triangle made no contemporaneous protest of any of the referenced invoices, and it was not until Spectracorp demanded payment of the invoices in November, 2006, that Triangle first alleged that the invoices were not payable by reason of the claimed failure of the cartridges.

    35.  Spectracorp has made demand upon Triangle for the unpaid invoices above-referenced, but has received no payment from, nor on behalf of Triangle.

    36.  Triangle Digital Inx Co., Plaintiff herein, claims to be the successor of Triangle Digital, LLC, and is therefore equally responsible, along with Triangle Digital INX Co. for the unpaid invoices, above-referenced.

    WHEREFORE, Defendant Spectracorp prays for judgment against counter-defendants Triangle in the amount of the unpaid invoices, together with prejudgment interest, post-judgment interest, the costs of collection herein, including its reasonable attorneys fees, expert

1 witnesses fees, court fees, and such other and further relief as this Court shall deem just in the
2 premises.

### SECOND CLAIM FOR RELIEF
(Breach of Contract - Design and Requirements)

37. Defendant Spectracorp incorporates Paragraphs 1 through 36 of its counter-claim, as if fully and completely set forth herein.

38. As a part of its contract with Spectracorp, Triangle ordered design services for the creation of a septum whose materials would not react unfavorably with Triangle's new ink product.

39. In or before October, 2005, Spectracorp commenced age testing to find materials which would not react unfavorably to the compounds within Triangle's new ink product.

40. The process of selecting materials and testing by was a trial and error process, and would predictably take more than six (6) months to properly specify materials for the cartridge.

41. Accordingly, a cartridge specifically designed to interact with Triangle's ink was not available by the time that Triangle issued its purchase order for the industry standard cartridges.

42. Triangle authorized both the design of the new cartridge and the simultaneous use of the industry standard cartridge for the initial order.

43. The work of Spectracorp in designing the materials for the septum of a new cartridge continued with Triangle's approval and encouragement through March, 2006 and was reasonably valued in an amount not less than $12,000.00.

44. In addition, Triangle sent a projection to Spectracorp in or about October, 2005, projecting the need for at least 39,500 cartridges and up to as much as 50,000 cartridges between October, 2005 and January, 2006.

45. Triangle required Spectracorp to procure cartridges in these amounts to fill the orders which Triangle anticipated providing to Spectracorp pursuant to its contract.

46. Based upon the orders from Triangle to procure additional cartridges to fulfill its

- 6 -

requirements, Spectracorp ordered, received and paid for additional cartridges, which cost Spectracorp not less than $40,000.00.

47. After the failure of the components in the industry standard cartridges, Triangle refused to utilize the additional cartridges it had required Spectracorp to order, causing additional cost to Spectracorp.

48. As a result of the design and requirements orders of Triangle, Spectracorp has incurred additional losses in an amount to be determined at trial, but not less than $52,000.00.

49. Spectracorp has made demand upon Triangle for the recovery of its losses, but has received no further payment from nor on behalf of Triangle.

WHEREFORE, Spectracorp prays for judgment upon its Second Claim for Relief against counter-defendants Triangle in an amount to be determined at trial, together with prejudgment interest, post-judgment interest, the costs of collection hereof, including expert witness fees, and reasonable attorney fees, and such other and further relief as this Court shall deem just in the premises.

### THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

50. Defendant Spectracorp incorporates Paragraphs 1 through 49 of its counter-claim, as if fully and completely set forth herein.

51. Triangle requested and obtained the services of Spectracorp in obtaining cartridges for the commercial filling, packaging and shipment of Triangle's ink.

52. Triangle requested and obtained the services of Spectracorp in filling 16,371 cartridges with Triangle's ink.

53. Triangle requested and obtained the services of Spectracorp in designing a cartridge for Triangle's ink.

54. Triangle requested and obtained the services of Spectracorp in a commercial setting.

55. Triangle requested and obtained the services of Spectracorp knowing that Spectracorp expected to be compensated for its services.

56. Triangle requested and obtained the services of Spectracorp with knowledge of the risk that the cartridges approved by Triangle might interact adversely with Triangle's ink.

57. Spectracorp provided a benefit to Triangle by obtaining the cartridges approved by Triangle.

58. Spectracorp provided a benefit to Triangle by filling the cartridges approved by Triangle.

59. Spectracorp provided a benefit to Triangle by designing a cartridge which would not interact adversely with Triangle's ink.

60. Spectracorp provided the benefits to Triangle, expecting to be compensated therefor.

61. Triangle accepted the benefits provided by Spectracorp, but has refused to pay Spectracorp the value of the benefits provided by Spectracorp.

62. To avoid injustice, Triangle must be made to pay for the benefits which it requested and obtained from Spectracorp.

WHEREFORE, Spectracorp prays for judgment upon its Third Claim for Relief against counter-defendants Triangle in an amount to be determined at trial, together with prejudgment interest, post-judgment interest, the costs of collection hereof, including expert witness fees, and reasonable attorney fees, and such other and further relief as this Court shall deem just in the premises.

Dated: October 17, 2007        STEYER LOWENTHAL BOODROOKAS
                               ALVAREZ & SMITH LLP


                        By:    /s/Jessica Grannis

                               Carlos A. Alvarez (SBN: 143839)
                               Jessica Grannis (SBN: 240770)
                               STEYER LOWENTHAL BOODROOKAS
                               ALVAREZ & SMITH LLP
                               One California Street, Suite 300
                               San Francisco, CA 94111
                               Telephone: (415) 421-3400

- 8 -

| | |
|---|---|
| 1 | Fax: (415) 421-2234 |
| 2 | *[signature]* |
|   | Robert C. Podoll (Colorado Bar No. 8776) |
|   | Robert A. Kitsmiller (Colorado Bar No. 16927) |
| 3 | PODOLL & PODOLL, P.C. |
|   | 5619 DTC Parkway, Suite 1100 |
| 4 | Greenwood Village, CO 80111-306 |
|   | Telephone: (303) 861-4000 |
| 5 | Fax: (303) 861-4004 |

Attorneys for Defendant Spectracorp, Inc.

- 9 -

## JURY DEMAND

Defendant and cross-claimant Spectracorp, Inc. hereby demands trial by jury.

Dated: October 15, 2007

STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP

By: ___/s/Jessica Grannis___

Carlos A. Alvarez (SBN: 143839)
Jessica Grannis (SBN: 240770)
STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP
One California Street, Suite 300
San Francisco, CA 94111
Telephone: (415) 421-3400
Fax: (415) 421-2234

Robert C. Podoll (Colorado Bar No. 8776)
PODOLL & PODOLL, P.C.
5619 DTC Parkway, Suite 1100
Greenwood Village, CO 80111-306
Telephone: (303) 861-4000
Fax:  (303) 861-4004

Attorneys for Defendant Spectracorp, Inc.