```
 1  STEPHAN A. BARBER (SBN 70070)
    ROPERS, MAJESKI, KOHN & BENTLEY
 2  80 North First Street
    San Jose, CA  95113
 3  Telephone:   (408) 287-6262
    Facsimile:   (408) 918-4501
 4  sbarber@.rmkb.com

 5  Attorneys for Plaintiff
    TRIANGLE DIGITAL INX CO.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRIANGLE DIGITAL INX CO., a Delaware corporation, on behalf of itself and as the successor-in-interest to TRIANGLE DIGITAL, LLC, California Residents,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SPECTRACORP, INC., a Colorado corporation,<br><br>　　　　　　Defendant.<br><br>———————————————<br>SPECTRACORP, INC., a Colorado corporation,<br><br>　　　　　　Counter-Claimant,<br><br>v.<br><br>TRIANGLE DIGITAL INX CO., a Delaware corporation, on behalf of itself and as the successor-in-interest to TRIANGLE DIGITAL, LLC, California Residents,<br><br>　　　　　　Counter-Defendants. | CASE NO. C07-04773 SI<br><br>**JOINT STATUS REPORT**<br><br>Initial CMC:　January 15, 2008<br>Time:　　　　2<br>Courtroom:　　10<br>Judge:　　　　Hon. Susan Illston |

1    Plaintiff/Counter-Defendants TRIANGLE DIGITAL INX CO. and TRIANGLE DIGITAL LLC and Defendant/Counter-Claimant SPECTRACORP, INC. respectfully submit the following Joint Status Report:

1. Jurisdiction and Service:

The parties agree that this Court has subject matter jurisdiction over all claims, that venue is proper, and that there are no parties which remain to be served.

2. Facts:

This case involves ink cartridges which were filled and sold to Plaintiffs by Defendant. Plaintiffs allege that from approximately October, 2004 through December, 2005, Plaintiffs and Defendant entered into a series of written purchase orders for commercial solvent ink based cartridges. Plaintiffs resold the cartridges. Plaintiffs contend that a large percentage of the cartridges failed causing damage to Plaintiffs' customers property and requiring Plaintiffs to recall the cartridges from market.

Defendant contends that the cartridges sold to Plaintiffs were selected by Defendant to fit in commercial printers as specified by Plaintiff. Before filling, each cartridge was filled with Plaintiffs' ink and sent to Plaintiffs for testing and approval. Only after Plaintiffs' approval were the cartridges filled and shipped pursuant to Plaintiffs' instructions.

Defendant claims damages for the unpaid invoices for the filled cartridges.

3. Legal Issues:

It is anticipated that the disputed legal issues include whether an enforceable contract or contracts exist, the nature and extent of defendant's express or implied warranties, and whether certain damages sought by plaintiffs and defendant are legally recoverable.

4. Motions:

There are no prior or pending motions. Defendant may file a motion for summary judgment/summary adjudication of issues.

5. Amendment of Pleadings:

No amendments are anticipated.

6. <u>Evidence Preservation</u>:

The parties agree that they will preserve all of the cartridges in their possession. Plaintiffs will preserve any damaged property of their customers or others that is in plaintiffs' possession. Plaintiffs agree that they will keep cartridges which were shipped to Europe separate from other cartridges. It is anticipated that there will be certain destructive testing of cartridges by the parties' experts. It is agreed that any destructive testing will be videotaped, that the videotapes will be preserved, that the parties reserve the right to assert but do not concede the attorney work product privilege as to the videotapes, and that the discoverability/admissibility of the videotapes will be determined at a later date.

7. <u>Disclosures</u>:

The parties will mutually make their FRCP Rule 26 disclosures on or before January 25, 2008.

8. <u>Discovery</u>:

Each party reserves the right to serve Requests for Production of Documents and Things, Interrogatories, and Requests for Admissions. Several depositions will be taken. It is possible that some depositions will be taken in Colorado and Europe. At this time, the parties do not propose any limitations or modifications of the discovery rules. The parties will put together a discovery plan after the initial disclosures have been made.

9. <u>Class Actions</u>:

This is not a class action lawsuit.

10. <u>Related Cases</u>:

There are no related cases or proceedings.

11. <u>Relief</u>:

Plaintiffs seek money damages in excess of $1 million to reimburse them for compensation paid to their customers, the cost of defective cartridges which could not be sold, lost profits, and other incidental/consequential damages.

Defendant seeks damages from plaintiffs pursuant to its counter-claim for $150,000.

RC1/5041639.1/BL1                                     - 3 -                                      JOINT STATUS REPORT

12.  Settlement and ADR:

The parties agree to mediation through the Court's Mediation Program. The parties anticipate being ready to hold the mediation in late Spring or early Summer, 2008. The depositions of key witnesses for both sides is necessary before the parties can be ready for mediation.

13.  Consent to Magistrate Judge for All Purposes:

The parties do not consent to a Magistrate Judge.

14.  Other References:

The parties do not believe other references are necessary.

15.  Narrowing of Issues:

Counsel for the parties believe that it is premature to discuss the narrowing of issues by agreement. Counsel will explore narrowing of issues after preliminary discovery has been performed.

16.  Expedited Schedule:

The parties do not believe an expedited schedule is necessary.

17.  Scheduling:

The parties request a trial date in January, 2009. The parties suggest that fact discovery be completed 120 days before trial; that the parties exchange expert reports 90 days before trial; that rebuttal or additional expert reports be exchanged 75 days before trial; that expert depositions be completed 50 days before trial; that dispositive motions be heard 50 days before trial; and that the pre-trial conference be held within 30 days before trial.

18.  Trial:

The parties request a jury trial. The anticipated length of the trial is 10 days. Counsel will try to refine the trial estimate, if reasonable, before the pre-trial conference.

19.  Disclosure of Non-Party Interested Entities or Persons:

Plaintiffs have filed their Disclosure Statement pursuant to FRCP Rule 7.1. Defendant has no required disclosure to make.

20. <u>Such Other Matters As May Facilitate The Just, Speedy, And Inexpensive Disposition Of This Matter:</u>

None at this time.

Dated: January 8, 2008          ROPERS, MAJESKI, KOHN & BENTLEY

                                By: /s/ Stephan A. Barber
                                    STEPHAN A. BARBER
                                    Attorneys for Plaintiffs

Dated: January 8, 2008          DRATH, CLIFFORD, MURPHY & HAGEN, LLP
                                By:

                                    _____
                                    SARAH F. BURKE
                                    Attorneys for Defendant

Dated: January 8, 2008          STEYER LOWENTHAL

                                By: _____
                                    CARLOS A. ALVAREZ
                                    Attorneys for Defendant

Dated: January 8, 2008          PODOLL & PODOLL, P.C.

                                By: _____
                                    ROBERT PODOLL
                                    ROBERT KITSMILLER
                                    Attorneys for Defendant

20. <u>Such Other Matters As May Facilitate The Just, Speedy, And Inexpensive Disposition Of This Matter:</u>

None at this time.

Dated: January 8, 2008                ROPERS, MAJESKI, KOHN & BENTLEY


By: _____
STEPHAN A. BARBER
Attorneys for Plaintiffs

Dated: January 8, 2008                DRATH, CLIFFORD, MURPHY & HAGEN, LLP


By: _____
SARAH F. BURKE
Attorneys for Defendant

Dated: January 8, 2008                STEYER LOWENTHAL


By: _____
CARLOS A. ALVAREZ
Attorneys for Defendant

Dated: January 8, 2008                PODOLL & PODOLL, P.C.


By: _____
ROBERT PODOLL
ROBERT KITZMILLER
Attorneys for Defendant

RC1/5041639.1/BL1                      - 5 -                        JOINT STATUS REPORT

20. <u>Such Other Matters As May Facilitate The Just, Speedy, And Inexpensive Disposition Of This Matter:</u>

None at this time.

Dated: January 8, 2008          ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
STEPHAN A. BARBER
Attorneys for Plaintiffs

Dated: January 8, 2008          DRATH, CLIFFORD, MURPHY & HAGEN, LLP

By: _____
SARAH F. BURKE
Attorneys for Defendant

Dated: January 8, 2008          STEYER LOWENTHAL

By: _____
CARLOS A. ALVAREZ
Attorneys for Defendant

Dated: January 8, 2008          PODOLL & PODOLL, P.C.

By: _____
ROBERT PODOLL
ROBERT KITSMILLER
Attorneys for Defendant